UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

RONALD D. SINGLETON,                    )
                                        )
              Plaintiff,                )
                                        )
v.                                      )       No.:   3:09-CV-567
                                        )              (VARLAN/GUYTON)
MICHAEL J. ASTRUE,                      )
Commissioner of Social Security,        )
                                        )
              Defendant.                )


**<u>MEMORANDUM OPINION</u>**

This case is before the undersigned to address plaintiff's Motion for Judgment on the

Pleadings [Doc. 13] and defendant's Motion for Summary Judgment [Doc. 26]. Plaintiff

Ronald D. Singleton seeks judicial review of the decision of defendant Michael J. Astrue,

Commissioner of Social Security (the "Commissioner"), that he is not disabled under

sections 216(I) and 223(d) of the Social Security Act. The Commissioner requests that the

Court enter judgment in its favor on the ground that the pleadings and the administrative

transcript of the record demonstrate that defendant is entitled to judgment as a matter of law.

On June 2, 2006, plaintiff filed an application for a period of disability, disability

insurance benefits, and supplemental security income, claiming a period of disability which

began January 16, 2003 [Tr. 11]. After his application was denied initially and also denied

upon reconsideration, plaintiff requested a hearing. On February 18, 2009, a hearing was

held before an Administrative Law Judge ("ALJ") to review the determination of plaintiff's

claim [*Id*. at 19-28]. On April 15, 2009, the ALJ found that plaintiff was not disabled. The

Appeals Council denied plaintiff's request for review; thus, the decision of the ALJ became the final decision of the Commissioner. Plaintiff now seeks judicial review of the Commissioner's decision.

## I. ALJ FINDINGS

The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2007.

2. The claimant has not engaged in substantial gainful activity since January 16, 2003, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairment[s]: morbid obesity; diabetes mellitus; obstructive sleep apnea; hypertension, and neck difficulties (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR 404, Subpart P, Appendix 1 (20 CFR 404.1525, 404.1526, 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except sit 6 hours in an 8-hour workday; walk or stand 6 hours with normal breaks, in an 8-hour workday, and perform occasional lifting of 20 pounds, with more frequent lifting of 10-12 pounds. He has mild to moderate pain.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on January 10, 1968 and was 35 years old, which is defined as a younger individual age 18-49, on the alleged disability date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568 and 416.968).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569a, 416.969, and 416.969a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from January 16, 2003 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

[Tr. 13-18].

## II.    DISABILITY ELIGIBILITY

To qualify for SSI benefits, a plaintiff must file an application and be an "eligible individual" as defined in the Social Security Act. 42 U.S.C. § 1382(a); 20 C.F.R. § 416.202. An individual is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability. *See* 42 U.S.C. § 1382(a).

"Disability" is the inability "[t]o engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the

national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. 42 U.S.C. § 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

1.  If claimant is doing substantial gainful activity, he is not disabled.

2.  If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

3.  If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5.  Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). The claimant bears the burden of proof at the first four steps. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *Id.* At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).

## III.    STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).  If the ALJ applied the correct legal standards and his findings are supported by substantial evidence in the record, his decision is conclusive and must be affirmed. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004); 42 U.S.C. § 405(g).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quotation omitted). *See also Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison v. NLRB*, 305 U.S. 197, 229 (1938)).

It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986).  The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)).  Therefore, the Court will not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Walters*, 127 F.3d at 528.

In addition to reviewing the ALJ's findings to determine whether they were supported by substantial evidence, the Court also reviews the ALJ's decision to determine whether it was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). The Court, however, may decline to reverse and remand the Commissioner's determination if it finds that the ALJ's procedural errors were harmless.

An ALJ's violation of the Social Security Administration's procedural rules is harmless and will not result in reversible error "absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the [ALJ]'s procedural lapses." *Wilson*, 378 F.3d at 546-47. Thus, an ALJ's procedural error is harmless if his ultimate decision was supported by substantial evidence *and* the error did not deprive the claimant of an important benefit or safeguard. *See id.* at 547.

On review, plaintiff bears the burden of proving his entitlement to benefits. *Boyes v. Sec'y. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citing *Halsey v. Richardson*, 441 F.2d 1230 (6th Cir. 1971)).

## IV.    MEDICAL EVIDENCE

Plaintiff maintains that on January 16, 2003, when plaintiff was 35 years old, he started to experience neck and shoulder problems. Allegedly, this condition lead to plaintiff not being able to work because he cannot lift anything, cannot turn his head left or right, and experiences pain all of the time [Tr. 93]. Plaintiff also reports that he suffers from type II

diabetes, sleep apnea, and hypertension [*Id*.].  The ALJ found all of these impairments to be severe.  *See supra* p. 2.  According to plaintiff, he has a C-Pap to help him with his sleep apnea. [*Id*. at 22].  Plaintiff states that he takes Hydrocodone for his neck, but that he also sometimes receives Cortisone shots to control his pain [*Id*.].  Plaintiff also alleges that hot weather affects him [*Id*. at 24].

Scott Davis, M.D., ("Dr. Davis"), of Oliver Springs Family Physicians is plaintiff's family doctor [*Id*. at 96].  The medical records considered by the ALJ cover the months of July through November of 2006 [*Id*. at 162-68].  These records show that plaintiff has herniated cervical disks with lesions at C5-6 and C6-7 that cause severe pain in his left arm, which he tended to hold flexed at the elbow and up against his side [*Id*. at 167].  Weighing over four hundred pounds, plaintiff could not fit inside the MRI machine in 2006 [*Id*. at 163, 165].  Dr. Davis stated that plaintiff needed to continue pain management and that he would need to see a neurosurgeon [*Id*. at 167].  In October, plaintiff's A1C level was 8.5, indicating that his diabetes was not under control [*Id*. at 162].  The notes indicate that this number—well above 5.7, the upper range for what is normal—was actually an improvement from 9.1 in May [*Id*. at 162, 167].

A CT Scan administered in March of 2007, did not show the herniated disk as would an MRI, but it did reveal large bony spurs at C6-7 that had progressed since his last scan [Doc. 14-2, p. 17].  Dr. Davis referred plaintiff to a neurosurgeon named Dr. Whitley [*Id*. at 16-17].  Dr. Davis, on October 22, 2007, mentions that plaintiff had returned to see Dr. Whitely, but had not yet decided on having surgery [*Id*. at 12].

Additionally, the medical records from Dr. Davis show that plaintiff has made attempts in the past few years to lose weight and to keep his type II diabetes under control. During the visit on April 27, 2007, Dr. Davis stated that plaintiff had been to the Wellness Center for dietary training and that he was doing much better with his control [*Id*. at 15]. Again, on September 11, 2007, the doctor stated that plaintiff was watching his diet and his blood sugar [*Id*. at 12]. On July 24, 2009, Dr. Davis recorded that plaintiff stated that his blood sugar control was excellent and that he had taken measures to control his weight, such as not drinking soft drinks [*Id*. at 2]. Notwithstanding, his weight had increased from approximately 400 pounds in September 2007 to 456 pounds in July 2009 [*Id*. at 2-3, 12].

On September 5, 2006, consultative examiner Dr. Donita Keown examined plaintiff [Tr. 151-55]. She doubted that plaintiff had anything wrong with his neck more serious than mild degenerative disk disease [*Id*. at 154]. She also opined that plaintiff suffered from morbid obesity, non-insulin dependent diabetes, and sleep apnea. She concluded that plaintiff could sit, stand, or walk for eight hours and that he could lift up to twelve pounds frequently and up to twenty-five pounds occasionally [*Id*. at 154].

## V.     POSITIONS OF THE PARTIES

On appeal, plaintiff argues that the ALJ's disability determination is not supported by substantial evidence. Plaintiff argues that the Court should remand this matter pursuant to Sentence Six of section 205(g) of the Social Security Act, as codified at 42 U.S.C. § 405(g), in order to allow the Commissioner to consider new evidence submitted by plaintiff's treating physician. Plaintiff alternatively argues that this matter should be remanded under Sentence

Four of section 205(g), as codified at 42 U.S.C. § 405(g), based upon alleged due process violations committed by the ALJ [Doc. 14, pp. 1, 11]. In response, the Commissioner argues that remand is not appropriate because plaintiff was afforded due process and the new evidence presented by plaintiff is not material [Doc. 27, pp. 9-10, 12].

## VI. ANALYSIS

### A. Sentence Six Remand

Sentence Six of 42 U.S.C. § 405(g) provides for remand where new evidence has been presented. Specifically, the statute directs:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

The Sixth Circuit Court of Appeals has described the elements of and prerequisites to a Sentence Six remand as follows:

> For the purposes of a 42 U.S.C. § 405(g) remand, evidence is new only if it was "not in existence or available to the claimant

at the time of the administrative proceeding." *Sullivan v. Finkelstein*, 496 U.S. 617, 626, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990). Such evidence is "material" only if there is "a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir.1988). A claimant shows "good cause" by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ. *Willis v. Sec'y of Health & Human Servs.*, 727 F.2d 551, 554 (1984) (per curiam). As noted above, the burden of showing that a remand is appropriate is on the claimant. *Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir.1986).

*Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).

In his decision, the ALJ mentions progress notes from Dr. Davis, who he recognizes as a treating source. The ALJ, however, concludes that these notes do not evidence impairments or pain that would limit plaintiff's ability to light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that he could: sit six hours in an eight-hour workday; walk or stand for six hours, with normal breaks, in an eight-hour workday; and perform occasional lifting of twenty pounds and frequent lifting of ten to twelve pounds [Tr. 14-15].

Plaintiff has presented the Court with a Treating Relationship Inquiry Form ("Inquiry Form"), completed by Dr. Davis, plaintiff's treating physician, on May 27, 2009. In the Inquiry Form, Dr. Davis states that plaintiff can sit for only four hours in an eight-hour workday, stand for two hours in an eight-hour workday, and walk for two hours in an eight-hour workday [Doc. 14-1]. Dr. Davis opined that plaintiff will have to take more than three

breaks a day due to his symptoms, and that his stamina, endurance, and ability to concentrate in the work environment would be affected [*Id*. at 2-3].

Dr. Davis joined these observations with a letter composed May 28, 2009, which described plaintiff's ongoing pain due to a herniated cervical 6-7 disk and its ability to interfere with plaintiffs' work. Dr. Davis explained: "Currently due to this problem, he has very limited use of the left arm" [*Id*. at 4]. Dr. Davis noted that these conditions "make it very difficult for him to labor as a construction worker," and further explained that "[h]e has a C-Spine MRI documenting the above problem with his neck" [*Id*.].

While the Court has, at times, expressed doubts about the weight to be afforded to the worksheet forms that Dr. Davis used in expressing these opinions, the records that accompany this form and Dr. Davis's long history of treating plaintiff lead the Court to conclude that there is a reasonable probability that the ALJ might have reached a different conclusion if this evidence were before him.

The Commissioner maintains that there is no evidence that the restrictions contained in Dr. Davis's opinion would necessarily exclude plaintiff from work, and the Commissioner contends that Dr. Davis's assessment of plaintiff's ability to work intrudes upon the ALJ's role in determining disability [Doc. 27, pp. 13-14]. Plaintiff responds that, taken as a whole, Dr. Davis's opinion would exclude plaintiff from performing even sedentary work [Doc. 28, p. 2].

The Court finds that there is a reasonable probability that the ALJ will find that plaintiff cannot perform work that is available in significant numbers in the national

economy, based upon the opinions and notes of his long-time treating physician, Dr. Davis. Thus, the Court finds that the new evidence – including the Inquiry Form, examination notes, CT scan and other radiology reports, and laboratory tests – is material to the ALJ's decision.

The Commissioner does not dispute that the other criterion for a Sentence Six remand have been met [Doc. 27, p. 13, n.1]. Thus, having reviewed the record and based upon the Commissioner's lack of objection, the Court also finds that the evidence is new and plaintiff has demonstrated good cause for its late inclusion in the record. *See Foster*, 279 F.3d at 357.

Accordingly, the Court finds that plaintiff's request for remand pursuant to Sentence Six of 42 U.S.C. § 405(g) is well-taken and it will be **GRANTED**.

### B.    Sentence Four Remand

As the Court finds that remand under Sentence Six of 42 U.S.C. § 405(g) is appropriate, plaintiff's request for remand pursuant to Sentence Four of 42 U.S.C. § 405(g) is moot. Accordingly, the Court declines to address the parties' positions on this issue, and plaintiff's request will be **DENIED WITHOUT PREJUDICE**.

## VII.    CONCLUSION

Based upon the foregoing, the Court finds that plaintiff's request for remand under Sentence Six of 42 U.S.C. § 405(g) is well-taken. Plaintiff's Motion for Judgment on the Pleadings [Doc. 13] will be **GRANTED IN PART**, and the Commissioner's Motion for Summary Judgment [Doc. 26] will be **DENIED**. It will be ordered that this action be **REMANDED** to the Commissioner pursuant to Sentence Six of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). On remand, the ALJ shall review the complete record in

accordance with agency procedures.  The ALJ also shall provide the claimant an opportunity to appear at a supplemental hearing and offer new evidence.  The ALJ shall then issue a new decision.

ORDER ACCORDINGLY.


s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE