UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| RONALD D. SINGLETON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:09-CV-567 |
| | ) | (VARLAN/GUYTON) |
| | ) | |
| MICHAEL J ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the

Federal Rules of Civil Procedure, for a report and recommendation regarding disposition of

Plaintiff Ronald Singleton's Motion for Attorney Fees Pursuant to the Equal Access to Justice

Act, 28 U.S.C. § 2412 [Doc. 33]. The Plaintiff requests the Court enter an Order awarding

attorney fees in the amount of $3,132.07 under the Equal Access to Justice Act ("EAJA"), 28

U.S.C. § 2412 (d)(1).

**I.      BACKGROUND**

On February 1, 2011, a Memorandum and Order entered by the Honorable Thomas A.

Varlan, United States District Judge, remanded this case to the Commissioner pursuant to

sentence six of Section 205 of the Social Security Act. On remand, the Plaintiff was found to be

disabled. In light of this determination, the Court found that this case should be dismissed, and

on March 16, 2012, an Agreed Order of Dismissal was entered by the Court.

1

## II.    ANALYSIS

Now before the Court is the Plaintiff's request for attorney's fees under the EAJA.  Four

conditions must be met before fees will be awarded under the EAJA:

> 1.  Plaintiff must be a prevailing party;
>
> 2.  The Commissioner's position must be without substantial justification;
>
> 3.  No special circumstances warranting denial of fees may exist;
>
> 4.  The application for attorney fees must be filed within 30 days of the final judgment in the action.

See 28 U.S.C. § 2412(d)(1).

## A.    Plaintiff is the Prevailing Party

In this case, Plaintiff first obtained a "sentence six" remand, which did not initially render

him a prevailing party.  He, however, became a prevailing party when he was found to be

disabled and awarded benefits on remand.

Thus, the Court finds the first condition for granting fees under the EAJA has been met.

## B.    The Commissioner's Position Was Without Substantial Justification

To satisfy the "substantial justification" requirement the Commissioner's position must

be justified, "both in fact and in law, to a degree that could satisfy a reasonable person."

Jankovich v. Bowen, 868 F.2d 867, 869 (6th Cir. 1989).

In this case, the Commissioner argues that the Plaintiff's request for EAJA fees should be

denied because the Commissioner's position was substantially justified.  The Commissioner

contends that the Administration's defense of this action was substantially justified because the

Court's decision turned on the new evidence presented after the ALJ reviewed the case.  [Doc.

35 at 3-4].

2

The Plaintiff responds that the Court must look both to the Government's position in litigation as well as the Administration's pre-litigation action. [Doc. 37 at 1 (citing 28 U.S.C. § 2412(d)(2)(D)). The Plaintiff maintains that courts in this Circuit "will award EAJA fees where the Commissioner's litigating position was not substantially justified, regardless of the merits of the case before the ALJ." [Doc. 37 at 2].

The Court finds that the Commissioner's position in this case was not substantially justified. The Plaintiff appeared before the ALJ in this case on February 18, 2009. Dr. Davis, Plaintiff's treating physician, completed a Treating Relationship Inquiry Form ("Inquiry Form") about the Plaintiff's physical abilities on May 27, 2009, along with new treatment notes, a physician letter, and objective medical evidence. The Plaintiff sought a sentence six remand upon the findings contained in the Inquiry Form, including a finding that the Plaintiff could not be reliable in performing a forty-hour work week, [Doc. 14-1]. He also presented updated medical records and tests, in which Dr. Davis explained *inter alia* that the Plaintiff could not perform labor because of "very limited use of [his] left arm," [Doc. 14-2; see 14-3].

In briefing this case, the Commissioner argued that "there is no requirement that the ALJ accept Dr. Davis's opinion that the Plaintiff would be absent from work two days each month, given the information that Dr. Davis provided in other reports and on the rest of the form in question." [Doc. 27 at 14]. The Commissioner did not discuss the updated treatment notes and medical records, but instead maintained that the "ALJ . . . could have reasonably rejected this opinion . . . ." [Id.].

To justify a sentence six remand, a claimant must show that new evidence submitted after the ALJ decision is "material," meaning that there is a "reasonable probability" or a "reasonable possibility" that the evidence would have produced a different outcome. Foster v. Halter, 279

3

F.3d 348, 357 (6th Cir. 2001); <u>Steingraber v. Sec'y of H.H.S.</u>, 762 F.2d 1011 (6th Cir. 1985).

In this case, the Court found that a reasonable probability existed that the ALJ would have reached a different conclusion if Dr. Davis's findings, along with the new records and the Plaintiff's updated history of treatment with Dr. Davis, were brought before the ALJ. [Doc. 29 at 11]. The Court found that the new evidence, including a Treatment Inquiry Form, examination, a CT scan and other radiological reports, and laboratory tests were material to the ALJ's decision. [Doc. 29 at 12].

In addressing the request for the sentence six remand, the Commissioner addressed a single portion of the numerous, pertinent documents brought before the Court, and argued simply that the ALJ *could* decide not to change his opinion based on those records. The Commissioner focused on the Inquiry Form and refused to consider the materiality of the documentation as a whole. The undersigned finds that this position was not substantially justified.

Thus, the Court finds that the second condition for granting fees under the EAJA has been met.

## C.     There Are No Special Circumstances Affecting an Award of Attorney's Fees

The Court is not aware of, and has not been cited to, any "special circumstances" that would otherwise make an award of attorney fees unjust.

Thus, the Court finds that the third condition for granting fees under the EAJA has been met.

4

**D.      The Plaintiff's Request for an Award of Fees is Timely**

On April 8, 2012, Plaintiff moved for a total fee amount of $3,132.07.[1] [Doc. 33, 34, 34-1]. This motion was a proper application for fees and was filed within thirty days of the Agreed Order of Dismissal entered March 16, 2012.

Thus, the Court finds that the fourth condition for granting fees under the EAJA has been met.

**E.      The Court Finds that the Fees Requested Are Reasonable**

The Court has considered the amount requested, and the Court finds that the fees requested are reasonable.

**III.      CONCLUSION**

Based upon the foregoing, the Court finds that the Plaintiff's motion is well-taken. It is hereby **RECOMMENDED**[2] that Plaintiff's Motion for Attorney Fees Under Equal Access to Justice Act, 28 U.S.C. § 2412 **[Doc. 33]** be **GRANTED**, and a judgment awarding Plaintiff the amount of **$3,132.07** for attorney fees be entered.

Respectfully submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[1] 17.3 attorney hours at $160.28 per hour for time billed in 2009, $166.50 per hour for time billed in 2010, $172.42 per hour for time billed in 2011, and $172.73 per hour for time billed in 2012; 5.5 hours of paralegal time at $46.00 per hour.

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).